UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00215-JDL |
| | ) | |
| FALMOUTH TOWN COUNCIL, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION SCREENING PLAINTIFF'S AMENDED COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)(B)**

In this civil action, Plaintiff Michael Doyle attempts to assert claims against the Town of Falmouth, the Falmouth Town Council, and the Falmouth Town Manager based on the Town's alleged imposition of excessive charges related to Plaintiff's inspection and copying of municipal records under the Maine Freedom of Access Act (FOAA). Because Plaintiff is proceeding in this matter in forma pauperis (ECF No. 6), his action is subject to review under 28 U.S.C. § 1915(e)(2)(B) to ensure that it states a claim for which relief may be granted in this Court.[1]

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). A review of Plaintiff's complaint and amended complaint fails to reveal a basis

---

[1] In recognition of the fact that a waiver of filing fees encourages some individuals to file suit regardless of the merits, the in forma pauperis statute authorizes the court to dismiss sua sponte those actions that fail to state a viable claim, 28 U.S.C. § 1915(e)(2)(B), "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

First, Plaintiff, a Maine citizen, has asserted a claim against three defendants who are also citizens of Maine. Plaintiff thus has not alleged the diversity of citizenship necessary for diversity jurisdiction. 28 U.S.C. § 1332.

Plaintiff evidently attempts to invoke this Court's federal question jurisdiction by alleging that Defendants violated certain federal criminal statutes prohibiting mail fraud, citing 18 U.S.C. §§ 1341 and 1346. Regardless of whether Defendants violated a federal criminal statute, Plaintiff has no federal civil claim based on the alleged violation. A violation of a federal criminal statute does not automatically give rise to a federal question civil claim. *Cf. Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States." (quoting 28 U.S.C. § 1331)); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (noting that alleged violations of federal criminal statutes will not serve "as a predicate for a section 1983 claim"). The plain language of section 1341 does not authorize a private cause of action, and courts that have considered whether the federal mail fraud statute provides an implied private right of action have held that it does not. *E.g.*, *Thompson v. Michels*, No. 14-1647, 574 Fed. App'x 196, 197 (3d Cir. 2014) (per curiam); *Jones v. TD Bank*, No. 11-4374, 468 Fed. App'x 93, 94 (3d Cir. 2012) (per curiam). Plaintiff, therefore, cannot rely upon the alleged violation of 18 U.S.C. § 1341 to support his federal claim against Defendants.[2]

---

[2] As mentioned above, Plaintiff also cites 18 U.S.C. § 1346 in support of his claim. Section 1346 simply defines the term "scheme or artifice to defraud" which is used in section 1341.

**CONCLUSION**

Because the Court lacks jurisdiction over Plaintiff's alleged claims, pursuant to 28 U.S.C. § 1915(e)(2)(B), I recommend the Court dismiss Plaintiff's action without service on Defendants.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of June, 2016.